**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4826

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM EDWARD MYERS, a/k/a Doc,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (CR-05-85)

Submitted: April 20, 2006                Decided: April 24, 2006

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Edward Myers pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). The Government filed a notice of prior convictions pursuant to 21 U.S.C. § 851 (2000), and Myers was classified as a career offender under the Sentencing Guidelines.[1] The district court sentenced Myers to 262 months of imprisonment, the bottom of the applicable advisory Guideline range. On appeal, counsel filed an <u>Anders</u>[2] brief, in which he states there are no meritorious issues for appeal, but suggests that the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in the guilty plea hearing, and that Myers' sentence is unreasonable. Myers was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

Because Myers did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Myers' plea was made both knowingly and voluntarily. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d

_____

[1] <u>U.S. Sentencing Guidelines Manual</u> (2004).

[2] <u>Anders v. California</u>, 386 U.S. 738 (1967).

- 2 -

114, 117, 120 (4th Cir. 1991). Accordingly, we find Myers' guilty plea was knowing and voluntary and properly accepted by the district court.

Counsel also suggests that Myers' sentence is unreasonable. Our review of the record convinces us that Myers was properly classified as a career offender, and his Guideline range was correctly determined to be 262 to 327 months of imprisonment. United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006) (footnote omitted) (discussing reasonableness standard). Moreover, we find no error in the district court's selection of the particular sentence imposed in this case. Id. at 457 (stating that "a sentence imposed within the properly calculated Guidelines range is presumptively reasonable.") (internal quotation marks and citation omitted).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Myers' conviction and sentence. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review. If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Myers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>